J.R. Wilson, Chief of Police City of Hope Police Department Post Office Box 1346 Hope, AR 71802-1346
Dear Chief Wilson:
I am writing in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on whether the release of certain records contained in a police officer's personnel file is consistent with the Arkansas Freedom of Information Act ("FOIA"). See A.C.A. §§ 25-19-101
to -109 (Repl. 2002, Supp. 2003 and Acts 259, 1994 and 2003 of 2005).
Specifically, you have enclosed a letter from a citizen who has requested a copy of the particular officer's "personnel file" and a copy of the "standard operating procedures (SOP) for patrol and CID." You state that a determination has been made by the custodian of the records concerning which records are available for inspection and copying and you have enclosed a copy of the personnel records determined to be open to inspection for my review. You state that: "[r]ecords determined not to be open to public view include: social security number, date of birth, home addresses, educational transcripts, medical records, and disciplinary findings not resulting in suspension or termination." You note that the officer in question has exercised his right to seek my opinion on the issue, which you have now requested.
RESPONSE
In my opinion the custodian's determination is in most respects consistent with the FOIA. The custodian's decision to redact "social security number, date of birth, home addresses, educational transcripts, medical records, and disciplinary findings not resulting in suspension or termination" is generally consistent with the FOIA.[1] In my opinion, however, the records you have enclosed may include several job performance records that did not result in suspension or termination. I cannot determine this issue conclusively, however, from the information presented. I have set out a discussion of the applicable law on the point below to guide the custodian's decision on this point.
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2003). Given that the subject of the request is a city employee, I believe documents containing the requested information clearly qualify as "public records" under this definition.
As I noted in Op. Att'y. Gen. 2005-057, "If records fit within the definition of `public records' . . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law." There are several exemptions in the FOIA which are applicable to the records you have enclosed.
The most notable exemptions include the exemption for "personnel records," which are generally open to public inspection and copying, except to the extent that disclosure would constitute "a clearly unwarranted invasion of personal privacy" (A.C.A. § 25-19-105(b)(12) (Supp. 2003)), and the exemption for "employee evaluation or job performance records," which are not open to public inspection and copying unless the following requirements have been met: (1) a final administrative resolution of any suspension or termination proceeding; (2) where the records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and (3) a compelling public interest in the disclosure of the records in question. A.C.A. § 25-19-105(c)(1). Additional exemptions exist for medical records, educational records, and home addresses and these exemptions account for your redaction of those items. See A.C.A. § 25-19-105(b)(2) and (13).
The custodian has made a number of redactions to the records consistent with the exemptions above. I must note, however, that the custodian appears to have included at least some job performance records relating to performance that did not result in a final administrative suspension or termination. These documents may include a memorandum dated 11-02-04 addressed to you and some handwritten notes dated 4-05-05 on the back of a complaint form. I cannot determine whether the incidents giving rise to these records resulted in a final administrative determination of suspension or termination. If not, the records are not subject to release under the FOIA.
Similarly, three additional documents may not be subject to release, depending upon whether a final administrative resolution of a suspension or termination proceeding occurred in relation thereto. I am referring to a three-page memorandum dated 10-26-2004 from you to two other public employees; a two-page letter dated 8-27-2004 from you to the Officer in question; and a two-page memorandum from you to the file dated 8-27-2004.
I should note in this regard that my predecessor has concluded, and I concur, that under the three-part test for release of employee evaluation or job performance records, "[t]he underlying assumption . . . is that the outcome of the "final administrative resolution" of the suspension or termination in question is an affirmance of the suspension or termination. . . . [If there is a reversal of the applicable job action,] [t]he case is treated as though the [suspension or] termination never occurred." See Op. Att'y. Gen. 2002-263 at 2. As a consequence, if any applicable suspension or termination proceeding resulted in a reversal of the suspension or termination, records relating to the job performance that gave rise to that adverse job action are not subject to release because the first prong of the test for release of job performance has not been met. In that instance, there has been no "final administrative resolution" of a suspension or termination so as to trigger release of the records.[2]
Otherwise, the decision of the custodian appears consistent with the FOIA.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] I should note that my predecessor concluded in at least one instance, in the context of an opinion involving a city police officer, that "date of birth is not properly excludable from personnel records under A.C.A. § 25-19-105(b)(10)." See Op. Att'y. Gen. 2000-306 at 2. See
also Ops. Att'y Gen. 2005-004 and 95-080 (as to dates of birth of school employees).
[2] Of course, records relating to any separate suspensions, the final administrative resolution of which was indeed final suspension, would satisfy the first prong of the test for release of job performance records.